```
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


VICTORIA HERNANDEZ,              )
                                 )     02:05-cv-0346-GEB-KJM
             Plaintiff,          )
                                 )     ORDER*
     v.                          )
                                 )
ALAN R. CHINN,                   )
                                 )
             Defendant.          )
_____)
```

Plaintiff moves for partial summary judgment to recover statutory damages on one of her state law claims. Defendant opposes the motion. However, the merits of Plaintiff's motion are not reached since Plaintiff's motion and Defendant's opposition reveal that one of Plaintiff's Americans with Disabilities Act ("ADA") claims is moot, and Plaintiff has not established standing to assert her other ADA claim. Therefore, the ADA will no longer provide the basis for federal question jurisdiction and the Court will decline to continue exercising supplemental jurisdiction over Plaintiff's state law claims.

---

   *   This motion was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  Plaintiff's Complaint, filed February 21, 2005, asserts two
2 injunctive relief claims against Defendant for violations of the ADA
3 and claims for injunctive relief and actual and statutory damages
4 under state law.  Plaintiff's claims stem from a January 4, 2005,
5 visit to a restaurant owned by Defendant.  Plaintiff asserts that when
6 visiting Defendant's restaurant she was "forced to exit (and
7 eventually re-enter) her vehicle in the middle of the parking lot,
8 rather than in a parking space" because Defendant's "purportedly
9 accessible parking space" "did not have an access aisle."  (Compl. ¶
10 13.)  Plaintiff also states she "went to use the women's restroom and
11 discovered she was unable to get into it."  (Id.)  Plaintiff seeks
12 injunctive relief under the ADA and state law, and actual and
13 statutory damages under state law.
14  Plaintiff's partial summary judgment motion seeks "the
15 statutory minimum of $4,000" in state law statutory damages for the
16 alleged "lack of an access aisle" violation.  (Mot. at 7.)  The motion
17 is supported by Plaintiff's Statement of Undisputed Facts.
18 Plaintiff's tenth undisputed fact states that after the Complaint was
19 filed, Defendant "resurfaced the [r]estaurant's parking lot [and]
20 painted a new accessible parking space with an adjacent diagonally
21 striped [eight] foot wide access aisle."  (Pl.'s Statement of
22 Undisputed Facts at 5.)  Defendant contends that Plaintiff's tenth
23 undisputed fact reveals Plaintiff's ADA claim for the alleged access
24 aisle violation is now moot.  (Opp'n at 6.)
25  If an ADA "plaintiff[][has] already . . . received
26 everything to which [she] would be entitled, i.e., the challenged
27 conditions have been remedied, then these particular claims are
28 moot . . . ."  Independent Living Resources v. Oregon Arena Corp., 982

F. Supp. 698, 771 (D. Or. 1997). Since the alleged access aisle violation has been remedied, injunctive relief cannot be granted under the ADA for that alleged violation because this ADA claim is moot.[1]

Plaintiff, however, contends she still has a viable ADA claim because other unremedied barriers remain in the women's restroom. (Mot. at 2.) The issue of Plaintiff's standing to bring a claim based on these alleged barriers is raised sua sponte. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999) (stating "federal courts are required sua sponte to examine jurisdictional issues such as standing").

To establish standing a plaintiff must show: "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). To meet the "concrete and particularized" prong of the injury in fact element, "the injury must affect the plaintiff in a personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992). Thus, Plaintiff "must [her]self suffer an injury as a result of the . . . [restaurant's] noncompliance with the ADA." Pickern, 293 F.3d at 1137. A plaintiff suffers an injury in fact from

---

[1] Injunctive relief is the only remedy available to Plaintiff under the ADA. Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)). Plaintiff's statement in her Reply that she "continues to allege that there are barriers . . . in the parking lot" is contradicted by her Complaint and motion since her tenth undisputed fact makes clear the alleged access aisle violation has been remedied and Plaintiff has alleged no other parking lot barrier in her Complaint.

1 ADA noncompliance if she personally encounters the barrier complained
2 of, or she has actual knowledge of the barrier complained of and has
3 been deterred from visiting the public accommodation because of that
4 barrier.  Id. at 1137-38.
5          Although Plaintiff states in her motion that "there are
6 barriers in the women's restroom," Plaintiff did not allege in her
7 Complaint that she encountered or had actual knowledge of said
8 barriers and was deterred from visiting Defendant's restaurant because
9 of them.[2]  Plaintiff's Complaint merely states she "went to use the
10 women's restroom and discovered she was unable to get into it."
11 (Comp. ¶ 13.)  An individual may be unable to "get into" a restroom
12 for any number of reasons that do not involve encountering an
13 architectural barrier that violates the ADA, e.g. the facility is
14 being cleaned or is currently in use.  Plaintiff's vague allegation of
15 being unable to "get into" the restroom requires conjecture to be
16 construed as alleging an actionable architectural barrier, and
17 consequently is insufficient to establish Plaintiff suffered an injury
18 in fact under the ADA.  Cf. Harris v. Costco Wholesale Corp., 389 F.
19 Supp. 2d 1244, 1251-52 (S.D. Cal. 2005) (plaintiff did not suffer an
20 injury under the ADA where something other than an architectural
21 barrier made facility unaccessible to plaintiff).  Therefore,
22 Plaintiff has failed to meet her burden of establishing she has
23 standing to bring a claim based on architectural barriers concerning

---

[2] Plaintiff's Reply states she "could not get her wheelchair into the women's restroom," ostensibly because the doorway was too narrow. (Reply at 15.)  However, Plaintiff has not pled an allegation supporting the inference that the narrowness of the doorway constituted an ADA architectural barrier.

4

the women's restroom.  <u>Lujan</u>, 504 U.S. at 561 (indicating the plaintiff bears the burden of establishing each element of standing).

Since Plaintiff's ADA access aisle claim is moot and Plaintiff has not established standing to bring a claim based on barriers concerning the women's restroom, Plaintiff's ADA claims are dismissed.

Since federal question jurisdiction no longer exists, the issue is reached whether supplemental jurisdiction should continue being exercised over Plaintiff's state claims.  Under § 1367(c), the district court may decline to exercise supplemental jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  The exercise of this "discretion . . . is informed by the [<u>United Mine Workers v. Gibbs</u>, 383 U.S. 715,(1966)] values of economy, convenience, fairness, and comity."  <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quotation marks omitted).  "[I]n the usual case in which all federal-law claims are eliminated . . . , the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988); <u>Wade v. Reg'l Credit Ass'n</u>, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

Here, a decision on the remaining state injunctive relief and damage claims should be made in state court since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a

surer-footed reading of applicable law." <u>Gibbs</u>, 383 U.S. at 726. Accordingly, Plaintiff's state law claims are dismissed without prejudice.

<u>CONCLUSION</u>

For the reasons stated above, Plaintiff's ADA claims are dismissed. Further, Plaintiff's state law claims are dismissed under § 1367(c) as of the date on which this Order is filed.

IT IS SO ORDERED.

Dated: August 9, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge